UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE, | No. 2:24-cv-01262 CSK P |
| Plaintiff, | |
| v. | ORDER |
| BOWMAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as

2

true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are California Medical Facility ("CMF") Warden Queava and CMF Education Principal Bowman.  (ECF No. 1 at 1.)  Plaintiff alleges that from 2008 to 2023, his reading Test of Adult Basic Education ("TABE") score was 12.9.  (Id. at 3.)  Plaintiff alleges that in July 2023, he filed a grievance alleging that Solano Community College would not put money on plaintiff's account and was stealing plaintiff's college money.  (Id.)  Plaintiff alleges that defendant Bowman fraudulently changed plaintiff's reading score from 12.9 to 7.0.  (Id.)  Plaintiff alleges that he put defendant Queava on legal notice about defendant Bowman's actions, but Queava did nothing about it.  (Id.)  Plaintiff alleges that his grievances were rejected.  (Id.)  Plaintiff alleges, "I graduated in 2008 but did not take any test since 2008 to change my reading level.  (Retaliation)."  (Id.)

The legal grounds of plaintiff's complaint are not entirely clear, although it appears that plaintiff may claim that defendant Bowman changed plaintiff's reading score in retaliation for plaintiff filing the grievance against Solano Community College.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff does not plead sufficient facts demonstrating that defendant Bowman changed plaintiff's reading score because of his grievance against Solano Community College.  For this reason, this Court finds that plaintiff does not state a potentially colorable retaliation claim against defendant Bowman.  Accordingly, plaintiff's retaliation claim against defendant Bowman is dismissed.

Plaintiff alleges that he informed defendant Queava of defendant Bowman's misconduct, but defendant Queava did nothing.  Based on these allegations, defendant Queava may be liable if

defendant Bowman violated plaintiff's constitutional rights.  Plaintiff does not state a potentially colorable claim for relief against defendant Queava because plaintiff does not state a potentially colorable claim for relief against defendant Bowman.  Accordingly, the claim against defendant Queava is dismissed.

If plaintiff files an amended complaint naming defendant Queava, plaintiff is informed that "[s]upervisory prison officials may be liable under § 1983 if they were 'personally involved in the constitutional deprivation or a sufficient causal connection exists between [their] unlawful conduct and the constitutional violation.'"  Rico v. Ducart, 980 F.3d 1292, 1303 (9th Cir. 2020) (quoting Lemire v. California Dep's of Corr. & Rehab., 726 F.3d 1062, 1085 (9th Cir. 2013)).  "This causal connection can be established by 'knowingly refusing to terminate a series of acts by others, which the supervisor[s] knew or should have known would cause others to inflict a constitutional injury.'"  Id. (quoting Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011)).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

On April 25, 2024, plaintiff filed a motion to place more than 25 documents on the record. (ECF No. 9.)  Attached to this motion are 132 pages of exhibits.  (Id.)  These exhibits appear related to the claims raised in the instant action.  Plaintiff's motion to file these exhibits is granted.  Plaintiff is informed that an amended complaint must include all claims against all defendants.  In other words, plaintiff may not rely on exhibits to state his claims.  The court is not required to review exhibits or other filings to determine whether plaintiff's amended complaint states potentially colorable claims for relief.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. Plaintiff's motion to place more than 25 documents on the record (ECF No. 9) is granted.

1
2  Dated:  May 7, 2024
3
4

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5
6  Deponte1262.142
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA BOWMAN, et al.,<br><br>Defendants. | No. 2:24-cv-01262 CSK P<br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____     Amended Complaint

_____
Plaintiff