UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE,<br><br>        Plaintiff,<br><br>    v.<br><br>BOWMAN, et al.,<br><br>        Defendants. | No. 2:24-cv-01262 DJC CSK P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On May 7, 2024, this Court dismissed plaintiff's complaint with leave to amend. (ECF No. 18.) Pending before the court is plaintiff's amended complaint. (ECF No. 24.) For the reasons stated herein, plaintiff's amended complaint is dismissed with leave to file a second amended complaint.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

///

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Discussion

Named as defendants are Law Librarian Supervisor Jessica Bowman, California Medical Facility ("CMF") Warden Queava and California Department of Corrections and Rehabilitation ("CDCR") Director Macomber. Plaintiff alleges that he filed a civil rights action and a grievance

against Mirna Bierman. (ECF No. 24 at 1-2.) Plaintiff also alleges that he filed several grievances against CMF Education for tampering with his legal file and stealing plaintiff's college money. (Id. at 2.) Plaintiff alleges that defendant Bowman retaliated against plaintiff for filing a civil rights action and grievances by changing plaintiff's reading level, in prison records, from 12.9 to 7.0. (Id.) Plaintiff alleges that he filed a grievance informing defendant Queava that plaintiff's reading level was illegally changed, but defendant Queava did nothing about it. (Id.) Plaintiff claims that as a result of the change in his reading level in prison records, plaintiff cannot be hired in a skilled position. (Id. at 4.) Plaintiff also appears to allege that he was transferred away from CMF because CMF fraudulently placed a confidential enemy in plaintiff's file. (Id. at 4.) Plaintiff alleges that he believes the confidential enemy was defendant Bowman. (Id. at 5.) Plaintiff alleges that during an interview regarding a grievance, defendant Bowman clearly stated to plaintiff, "You make people mad over 602s."[1] (Id.)

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Allegations that defendant Bowman wrongly changed plaintiff's reading score on or around the time she told plaintiff, "You make people mad over 602s," would state a potentially colorable retaliation claim. However, plaintiff does not allege when defendant Bowman made the statement, "You make people mad over 602s," in relation to when defendant Bowman allegedly changed plaintiff's reading score. Without this information, this Court cannot determine whether plaintiff states a potentially colorable retaliation claim against defendant Bowman. Accordingly, the retaliation claim against defendant Bowman is dismissed. If plaintiff files a second amended complaint, plaintiff shall address when defendant Bowman allegedly changed plaintiff's reading score and when defendant Bowman allegedly stated, "You make people mad over 602s."

---

[1] A "602" is an administrative grievance.

1    Plaintiff also alleges that he was transferred away from CMF because defendant Bowman
2    was placed in his file as a confidential enemy. To the extent plaintiff claims that defendant
3    Bowman caused plaintiff to be transferred away from CMF in retaliation for plaintiff's legal
4    activities, this claim is vague and conclusory. Plaintiff fails to plead any specific facts
5    demonstrating defendant Bowman's involvement in the decision to transfer plaintiff away from
6    CMF. Accordingly, this claim is dismissed.

7    Plaintiff alleges that he filed a grievance informing defendant Queava of defendant
8    Bowman's misconduct, but defendant Queava did nothing. Based on these allegations, defendant
9    Queava may be liable if defendant Bowman violated plaintiff's constitutional rights. Plaintiff
10   does not state a potentially colorable claim for relief against defendant Queava because plaintiff
11   does not state a potentially colorable claim for relief against defendant Bowman. Accordingly,
12   the claim against defendant Queava is dismissed.

13   Plaintiff's amended complaint contains no specific allegations against defendant
14   Macomber. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient). Accordingly, defendant Macomber is dismissed because he is not linked to any potentially colorable claim for relief.

If plaintiff files a second amended complaint, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. Therefore, in a second amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Motion for Discovery (ECF No. 26)

On May 31, 2024, plaintiff filed a motion requesting that defendants Bowman and Queava be ordered to produce several documents to plaintiff. (ECF No. 26.) Plaintiff's motion for discovery is denied as premature because no defendant has yet been served.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second

1 | Amended Complaint." Failure to file a second amended complaint in accordance with this order
2 | may result in the dismissal of this action; and
3 |     3. Plaintiff's motion for discovery (ECF No. 26) is denied as premature.

Dated: June 5, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Deponte1262.ame2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ARTHUR DEPONTE,<br><br>    Plaintiff,<br><br>    v.<br><br>BOWMAN, et al.,<br><br>    Defendants. | No. 2:24-cv-01262 DJC CSK P<br><br>NOTICE OF AMENDMENT |

  Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

  ☐ Second Amended Complaint

    (Check this box if submitting a Second Amended Complaint)

DATED:

            _____
            Plaintiff