UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DAVID ARTHUR DEPONTE, | No. 2:24-cv-01262 DJC CSK P |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BOWMAN, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On June 6, 2024, this Court dismissed plaintiff's amended complaint with thirty days leave to file a second amended complaint. (ECF No. 27.) Pending before the court is plaintiff's second amended complaint filed June 20, 2024. (ECF No. 32.) For the reasons stated herein, this Court recommends dismissal of all claims raised in the second amended complaint except the claim alleging that defendant Bowman changed plaintiff's Test of Adult Basic Education ("TABE") reading level from 12.9 to 7.0 in retaliation for plaintiff filing a grievance regarding his college money being stolen.

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

///

III. Claims in Second Amended Complaint

Named as defendants are Jessica Bowman, Warden Quava and California Department of Corrections and Rehabilitation Director Macomber. The alleged deprivations occurred at the California Medical Facility.

Plaintiff alleges that on July 7, 2023, plaintiff filed a grievance regarding his college money being stolen. (ECF No. 32 at 3.) On August 1, 2023, plaintiff met with defendant Bowman regarding this grievance. (Id.) During this meeting, defendant Bowman told plaintiff, "You make people mad when you write 602s." (Id.) Defendant Bowman also told plaintiff that when plaintiff took people away from their jobs, they had to waste time to do this. (Id.) Defendant Bowman also told plaintiff that his name was getting to be known because of 602s. (Id.) Plaintiff alleges that he filed several 602s involving defendant Bowman, although he does not identify the dates of these grievances. (Id.) Plaintiff alleges that his TABE reading level was 12.9 up until defendant Bowman's statement, "You make people mad when you file 602s."[1] (Id.) Plaintiff alleges that there was no legal reason for defendant Bowman to change plaintiff's TABE reading level from 12.9 to 7.0. (Id.) Plaintiff alleges that defendant Bowman changed plaintiff's TABE reading level in retaliation for plaintiff filing grievances. (Id.) Plaintiff also alleges that defendant Bowman changed his TABE reading level in retaliation for plaintiff filing a civil rights action against Mirna Bierman. (Id. at 4.)

Plaintiff alleges that on September 5, 2023, plaintiff was placed in administrative segregation. (Id.) Approximately one week later, plaintiff brought up the issue of his changed TABE reading level to defendant Quava. (Id.) Plaintiff alleges that defendant Quava reviewed plaintiff's file and saw the facts as true "during committee." (Id.) Plaintiff alleges that defendant Quava did nothing. (Id.) Plaintiff alleges that on November 8, 2023, defendant Quava told plaintiff that if plaintiff wanted to go home, he should take his medications. (Id.)

///

---

[1] Plaintiff alleges that the Chaplain informed plaintiff during an interview that his TABE reading level was changed from 12.9 to 7.0. (ECF No. 32 at 3.) Although plaintiff's handwriting is difficult to read, plaintiff appears to claim that this meeting with the Chaplain took place on September 1, 2023. (Id.)

3

Plaintiff claims that as a result of the change in his TABE reading level, plaintiff was disqualified from being hired into skilled job positions and did not qualify for certain programs. (Id. at 9.)

As legal claims, plaintiff alleges that defendants Bowman and Quava had a meeting of the minds to retaliate against plaintiff for filing grievances. (Id. at 4.) In addition to raising retaliation and conspiracy to retaliate claims against defendants Bowman and Quava, plaintiff also raises claims pursuant to the Eighth Amendment, for defamation and for violation of due process. (Id.)

IV. Discussion

    A. Retaliation and Conspiracy to Retaliate

        *1. Legal Standards for Retaliation, Conspiracy and Supervisory Liability*

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Conspiracy allegations must be more than mere conclusory statements. Bonnette v. Dick, 2020 WL 3412733, at *4 (E.D. Cal. June 22, 2020) (citing Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1979)). A conspiracy claim brought under section 1983 requires proof of an agreement or meeting of the minds to violate constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010). It also requires proof of an actual deprivation of constitutional rights. Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)) (citation omitted).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 676-77

(2009). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

*2. Analysis*

This Court finds that plaintiff states a potentially colorable retaliation claim against defendant Bowman based on the allegations that defendant Bowman lowered plaintiff's TABE reading level in retaliation for plaintiff filing a grievance regarding his college money being stolen. Accordingly, this Court separately orders service of defendant Bowman as to this claim.

The Court finds, however, that plaintiff's other retaliation claims should be dismissed. Plaintiff also claims that defendant Bowman lowered plaintiff's TABE reading level in retaliation for plaintiff filing grievances against defendant Bowman and for filing a civil rights action against Mirna Bierman. Plaintiff does not allege when he filed grievances against defendant Bowman or otherwise identify these grievances against defendant Bowman. For these reasons, this Court finds that plaintiff fails to demonstrate that defendant Bowman lowered plaintiff's TABE reading level because plaintiff filed grievances against defendant Bowman. Plaintiff also fails to allege when he filed a civil rights action against Mirna Bierman and facts demonstrating that defendant Bowman knew of this lawsuit. For these reasons, this Court finds that plaintiff fails to demonstrate that defendant Bowman lowered plaintiff's TABE reading level in retaliation for plaintiff filing a civil rights action against Mirna Bierman. Accordingly, these retaliation claims against defendant Bowman should be dismissed.

Plaintiff also attaches as exhibits to his second amended complaint copies of several grievances. (ECF No. 32 at 11-24.) These grievances are dated June 2024 and concern conditions of confinement at the California Substance Abuse Treatment Facility where plaintiff is currently incarcerated. Therefore, these grievances are not relevant to the claims raised in the

second amended complaint, which is based on alleged deprivations at the California Medical Facility.

Plaintiff does not state a potentially colorable retaliation claim against defendant Warden Quava because plaintiff fails to allege that defendant Quava personally participated in the alleged retaliation, knew of the retaliation and failed to act to prevent it, or promulgated or implemented an unconstitutional policy that was the moving force of the alleged retaliation.[2] Accordingly, plaintiff's retaliation claim against defendant Quava should be dismissed.

This Court also finds that plaintiff fails to state a potentially colorable conspiracy to retaliate claim against defendants Bowman and Quava. Plaintiff pleads no facts demonstrating a meeting of the minds between defendants Bowman and Quava to retaliate against plaintiff for filing the grievance regarding his college money being stolen. Plaintiff's conspiracy to retaliate claim is vague and conclusory. Accordingly, this claim should be dismissed.

B. Eighth Amendment

Plaintiff appears to claim that the change of his TABE reading level violated the Eighth Amendment. The alleged change of plaintiff's TABE reading level, resulting in plaintiff being disqualified from skilled labor jobs and other programs, does not state a potentially colorable Eighth Amendment claim. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981) (deprivation of rehabilitation and educational programs does not violate Eighth Amendment); Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 846 (9th Cir. 1985) (general limitation of jobs and educational opportunities is not considered punishment). Accordingly, plaintiff's Eighth Amendment claim should be dismissed.

C. Due Process

Although not entirely clear, it appears that plaintiff bases his due process claim on defendant Bowman's alleged failure to properly process plaintiff's administrative grievances. Prisoners have no stand-alone due process rights related to the administrative grievance process.

---

[2] This Court observes that while plaintiff alleges that he told defendant Quava about plaintiff's lowered TABE reading level, plaintiff does not allege that he told defendant Quava that defendant Bowman lowered plaintiff's TABE reading level in retaliation for plaintiff filing a grievance about his college money being stolen.

6

Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, the failure of prison officials to process grievances does not state a potentially colorable due process claim. Accordingly, plaintiff's due process claim should be dismissed.

D. Defamation

Plaintiff's defamation claim does not rise to the level of a federal constitutional violation. Paul v. Davis, 424 U.S. 693, 699-701 (1976) (holding defamation is not actionable under section 1983); Hernandez v. Johnson, 833 F.2d 1316, 1319 (9th Cir. 1987) (holding that libel and slander claims are precluded by Paul, 424 U.S. at 699-701).

To the extent plaintiff seeks to raise a defamation claim under California law, the Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 900, 905.2, 910, 911.2, 945.4, 950, 950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings Cnty and Bodde, 32 Cal.4th 1234, 1239 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee or public entity, a plaintiff must allege compliance with the Government Claims Act. Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Because plaintiff fails to allege compliance with the Government Claims Act, plaintiff fails to state a defamation claim under California law.

E. Defendant Macomber

Plaintiff's second amended complaint contains no specific allegations linking defendant CDCR Director Macomber to any of plaintiff's claims. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution .

> . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Defendant CDCR Director Macomber should be dismissed because the second amended complaint contains no allegations linking defendant Macomber to any potentially colorable claims.

F.  Conclusion

This Court has already granted plaintiff two opportunities to amend his complaint.  (ECF Nos. 18, 27.)  Because it is clear that plaintiff cannot cure the pleading defects discussed above,

8

the Court recommends that except for the claim alleging that defendant Bowman reduced plaintiff's TABE reading level in retaliation for plaintiff filing a grievance regarding his stolen college money, all other claims raised in the second amended complaint be dismissed. Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1998) (per curiam)).

Accordingly, IT IS HEREBY RECOMMENDED that except for the claim alleging that defendant Bowman reduced plaintiff's TABE score in retaliation for plaintiff filing a grievance regarding his stolen college money, all other claims in the second amended complaint be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 15, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Deponte1262.dis

2