UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE, | No. 2:24-cv-01262 DJC CSK P |
| Plaintiff, | |
| v. | ORDER |
| BOWMAN, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motions for orders to retrieve legal documents and to stop legal interference. (ECF Nos. 28, 29.) For the reasons stated herein, plaintiff's motions are denied.

At the outset, this Court notes that plaintiff's pending motions may be resolved by order rather than by findings and recommendations because the motions address procedures related to litigating this action at the current facility in which plaintiff is incarcerated and do not seek dispositive relief on the merits of the claim on which this action proceeds. See Shields v. Cannon, 2012 WL 1604877, at *1-2 (E.D. Cal. May 7, 2012) (request by plaintiff for order allowing law library access, unrelated to merits of action, may be addressed by order). On July 16, 2024, this Court ordered service of plaintiff's second amended complaint as to the claim

1

1  alleging that defendant Bowman, employed at the California Medical Facility ("CMF"), reduced
2  plaintiff's TABE reading score in retaliation for plaintiff filing a grievance regarding his stolen
3  college money.  (ECF No. 35.)  On July 16, 2024, this Court recommended dismissal of the other
4  claims raised in plaintiff's second amended complaint.  (ECF No. 34.)

   Plaintiff is now incarcerated at the California Substance Abuse Treatment Facility ("CSATF").  Plaintiff's pending motions do not seek dispositive relief on the merits of the claim on which this action proceeds against defendant Bowman.  Instead, plaintiff's pending motions address procedures related to plaintiff litigating this action while he is incarcerated at CSATF.  For these reasons, this Court construes plaintiff's pending motions as seeking protective orders rather than injunctive relief.  Requests for protective orders may be resolved by order.  See Shields, 2012 WL 1604877 at *1-2.

II. Motion for Order to Retrieve Legal Documents (ECF No. 28)

   In the motion for order to retrieve legal documents, plaintiff states that prison officials at CSATF opened plaintiff's legal mail.  (ECF No. 28 at 1.)  Plaintiff requests that the Court order the Warden to retrieve plaintiff's legal documents.  (Id.)  Plaintiff states that if this is a mistake, the Court need not take action.  (Id.)  Attached to this motion is a pleading titled "Motion for Discovery."  (Id. at 2.)

   The grounds for plaintiff's motion for an order to retrieve legal documents are unclear.  If plaintiff claims that CSATF prison officials confiscated plaintiff's "Motion for Discovery," this claim fails because court records reflect that plaintiff was able to file his "Motion for Discovery" on May 31, 2024 (ECF No. 26), which was denied on June 6, 2024 (ECF No. 27).  Therefore, to the extent this motion is based on plaintiff's "Motion for Discovery," the motion is denied as the record reflects that plaintiff's "Motion for Discovery" was filed and not confiscated.  To the extent this motion is based on other grounds, this motion is denied because those grounds are unclear.

   In addition, the pending motion seeks an order against the CSATF Warden, who is not a party to this action.  This action is proceeding against only defendant Bowman, who is employed at the CMF.  The Court is unable to issue an order against individuals who are not parties to a suit

pending before it.  Zenith v. Radio Corp. v. Hazeltine Research, 395 U.S. 100, 112 (1969).  For this additional reason, plaintiff's motion for order to retrieve legal documents is denied.

III.  Motion for Order to Stop Legal Interference (ECF No. 29)

In the motion for order to stop legal interference, plaintiff states that his legal mail is being tampered with, his 602s are not being investigated and custody is trying to get involved with plaintiff's legal mail.  (ECF No. 29 at 1.)  Plaintiff states that inmates who are not involved in plaintiff's case are illegally trying to involve themselves in plaintiff's case.  (Id.)  Plaintiff alleges that the law librarian is trying to stop plaintiff from accessing Preferred Legal User ("PLU") status.[1]  (Id.)  Plaintiff requests a court order to stop this interference.  (Id.)

In the motion for order to stop legal interference, plaintiff seeks orders against CSATF prison officials.  The Court is unable to issue orders against CSATF prison officials because they are not parties to this action.  See Zenith, 395 U.S. at 112.  This action is proceeding against only defendant Bowman, who is employed at the CMF.  In addition, plaintiff's motion does not specifically allege that CSATF prison officials interfered with legal mail related to the instant action.  Plaintiff also does not describe how other inmates are trying to get involved in the instant action.  Further, Plaintiff does not describe the law library access he receives as a result of his alleged inability to obtain PLU status or address why his law library access is inadequate to prosecute the instant action.  Based on these sparse and unclear allegations, plaintiff's motion for an order to stop legal interference is also denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an order to retrieve legal documents (ECF No. 28) is denied; and
2. Plaintiff's motion for an order to stop legal interference (ECF No. 29) is denied.

Dated:  July 18, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Deponte1262.ord/2

---

[1] Inmates who have established court deadlines may apply for PLU status.  Cal. Code of Regs. tit. 15, § 3122(b).  Inmates who are granted PLU status based on their application shall receive higher priority to prison law library resources than other inmates.  Id.