UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE,<br><br>    Plaintiff,<br><br>    v.<br><br>BOWMAN, et al.,<br><br>    Defendants. | No. 2:24-cv-01262 DJC CSK P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for issuance of a subpoena. (ECF No. 38.) For the reasons stated herein, plaintiff's motion for issuance of a subpoena is denied.

Background

On July 16, 2024, this Court ordered service of plaintiff's second amended complaint on defendant Jessica Bowman as to plaintiff's claim alleging that defendant Bowman lowered plaintiff's TABE reading level from 12.9 to 7.0 in retaliation for plaintiff filing a grievance regarding his stolen college money. (ECF No. 35.) On July 16, 2024, this Court recommended dismissal of the remaining claims raised in the second amended complaint. (ECF No. 34.)

///

///

1

Plaintiff's Motion for Issuance of a Subpoena

*Governing Standards*

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas.  A subpoena duces tecum directs a non-party to an action to produce documents or other tangible objects for inspection and must be personally served.  Fed. R. Civ. P. 45(b).  Plaintiff is proceeding in forma pauperis and is entitled to obtain personal service of an authorized subpoena duces tecum by the United States Marshal.  See 28 U.S.C. § 1915(d).  The Court's authorization of a subpoena duces tecum requested by a plaintiff proceeding in forma pauperis is subject to limitations.  "Directing the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the Court."  Austin v. Winett, 2008 WL 5213414, at *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C. § 1915(d).  The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum."  Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991).  Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors.  Id.

The Court must consider the following matters before approving service of a proposed subpoena duces tecum.  A subpoena must comply with the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").  Also, the Court must consider the burden and expense to the non-party set forth in Federal Rules of Civil Procedure 26(b)(2)(C) and 45(d).  In addition, a motion requesting the issuance of a subpoena duces tecum should be supported by the clear identification of the documents sought and from whom, and a showing that the records are obtainable only through the identified third party.  See, e.g., Davis v. Ramen, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); Williams v. Adams, 2010 WL 148703, at *1 (E.D. Cal. Jan. 13, 2010).  The person to whom the subpoena is directed must be clearly and readily identifiable, with an accurate physical address to enable personal service of the subpoena.  See Fed. R. Civ. P. 45(a)(1)(A)(iii).  In addition, courts are reluctant to require a non-party to provide discovery documents that can be produced by a party.  See e.g., Moon v. SCP Pool Corp., 232 F.R.D. 633, 638 (C.D. Cal. 2005).

*Discussion*

In the pending motion, plaintiff requests that the court issue a subpoena. (ECF No. 38 at 1.) Plaintiff alleges that "the confidential file is to show discriminatory nature, bias and notes of retaliation such as innuendo as to something happened." (Id.) Plaintiff appears to request that the subpoena be issued to the Warden. (Id. at 2.)

In the pending motion, plaintiff fails to describe the confidential file he seeks and the relevance of the confidential file to his retaliation claim against defendant Bowman. Plaintiff also fails to demonstrate that the confidential file he seeks could not be obtained from defendant Bowman through a request for production of documents. For these reasons, plaintiff's request for issuance of a subpoena is denied.[1]

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for issuance of a subpoena (ECF No. 38) is denied.

Dated: July 24, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Deponte1262.sub

2

---

[1] Plaintiff may serve defendant Bowman with discovery requests after the Court issues the Discovery and Scheduling order.