UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BOWMAN, et al.,<br><br>　　　　Defendants. | No.  2:24-cv-01262 DJC CSK P<br><br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On July 16, 2024, the Magistrate Judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days.  (ECF No. 34.)  Plaintiff has filed objections to the findings and recommendations.  (ECF No. 41.)

　　　　The Magistrate Judge found that Plaintiff stated a potentially colorable retaliation claim against Defendant Bowman based on allegations that Defendant Bowman lowered Plaintiff's TABE reading level in retaliation for Plaintiff filing a grievance regarding his college money being stolen.  (ECF No. 34 at 5.)  The

1 | Magistrate Judge recommended, in part, that Plaintiff's claims alleging that Defendant
2 | Bowman retaliated against Plaintiff for filing grievances against Defendant Bowman by
3 | lowering his TABE reading level be dismissed because Plaintiff failed to allege when
4 | he filed these grievances or otherwise identify whether these grievances were filed
5 | against Defendant Bowman.  (Id.)
6 |      In his objections, Plaintiff identifies four grievances he claims Defendant
7 | Bowman retaliated against Plaintiff for filing by lowering plaintiff's TABE reading level:
8 | 1)  grievance no. 449794, filed September 14, 2023; 2) grievance no. 457811, filed
9 | against Defendant Quava on September 28, 2023; 3) grievance no. 461618, filed
10 | against Defendant Bowman on October 9, 2023; and 4) a grievance filed January 27,
11 | 2024 against Defendant Bowman.  (ECF No. 41 at 1.)  In the second amended
12 | complaint, Plaintiff alleges that Defendant Bowman lowered Plaintiff's TABE reading
13 | level sometime between approximately August 1, 2023 and September 1, 2023.  (ECF
14 | No. 34 at 3.)  Therefore, Plaintiff filed the four grievances identified in his objections
15 | *after* Defendant Bowman allegedly lowered plaintiff's TABE reading level.  For this
16 | reason, Defendant Bowman could not have retaliated against Plaintiff for filing the four
17 | grievances identified in his objections when she allegedly lowered Plaintiff's TABE
18 | reading level.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (to state a
19 | retaliation claim, prisoner must assert that state actor took adverse action because of
20 | protected conduct).
21 |      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule
22 | 304, this Court has conducted a *de novo* review of this case.  Having carefully
23 | reviewed the entire file, the Court finds the findings and recommendations to be
24 | supported by the record and by proper analysis.
25 |      Accordingly, IT IS HEREBY ORDERED that:
26 |      1.  The findings and recommendations (ECF No. 34) are adopted in full; and
27 |      2.  Except for the claim alleging that Defendant Bowman reduced Plaintiff's
28 | TABE reading level in retaliation for Plaintiff filing a grievance regarding his stolen

college money, all other claims in the second amended complaint are dismissed.

   3.  This matter is referred back to the assigned Magistrate Judge for all further pretrial proceedings.

   IT IS SO ORDERED.

Dated:  **October 11, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

Deponte1262.jo

3