UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE, | No. 2:24-cv-01262-DJC-CSK |
| Plaintiff, | |
| v. | ORDER |
| BOWMAN, | |
| Defendant. | |

On May 22, 2025, the parties to this case stipulated to voluntary dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) (*see* ECF No. 80) after entering a written settlement agreement.  (*See* Settlement Agreement (ECF No. 83-1).) The Settlement Agreement settled Plaintiff's claims in both this action and another action filed in the Eastern District of California, *DePonte v. Stohl* (No. 1:24-cv-00695-KES-HBK).

Before the Court are Plaintiff's Motion to Withdraw and Resettle or Proceed to Trial (ECF No. 82), Motion to Enforce the Settlement Agreement (ECF No. 84), Request to Remove False Documentation (ECF No. 87), and Request to Remove the Settlement Amount from the docket (ECF No. 88).  For the reasons stated below, Plaintiff's motions are denied.

1

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

The Court lacks jurisdiction to enforce Plaintiff's Motion to Enforce the Settlement Agreement (Mot. Enforce (ECF No. 84)).  Enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).  "A district court lacks jurisdiction to enforce a settlement agreement that is the basis for a dismissal unless the court expressly incorporates the terms of the settlement agreement in an order to dismiss the case." *Covves, LLC v. Target Brands, Inc.*, No. 21-55077, 2022 WL 193208, at *1 (9th Cir. Jan. 21, 2022).  Here, the Court did not issue an order reserving jurisdiction over the case or incorporating the settlement terms into the order.  (*See* ECF No. 81 (dismissing the case).)  Therefore, the Court lacks jurisdiction to enforce the settlement agreement. *See Covves*, 2022 WL 193208, at *1 (holding that "[b]ecause the district court did not issue an order that reserved jurisdiction over the case or incorporated the settlement terms, it did not retain jurisdiction after the dismissal" to enforce the settlement agreement).

Courts ordinarily construe motions to enforce settlement agreements by pro se plaintiffs as motions for relief from dismissal with prejudice pursuant to Federal Rule of Civil Procedure 60(b), over which the Court does have jurisdiction.  *See, e.g.*, *Thompson v. Baca*, No. 22-16702, 2025 WL 720893, at *1 (9th Cir. Mar. 6, 2025) ("[B]earing in mind that '[w]e construe liberally the filings and motions of a pro se inmate,' we interpret Plaintiff's 'motion to reset the settlement agreement' as a Rule 60(b)(6) motion for relief from the district court's order dismissing his case with prejudice.").  However, it is unnecessary to do so here as Plaintiff has filed a separate Withdraw and Resettle or Proceed to Trial, which the Court will now address.

## MOTION TO WITHDRAW AND RE-SETTLE OR PROCEED TO TRIAL

Plaintiff seeks to reopen this action and proceed to trial.  Briefing on this Motion is now complete.  (*See* Mot. Withdraw (ECF No. 82); Opp'n to Mot. Withdraw (ECF No.

85).)[1]  Under Federal Rule of Civil Procedure 60(b), a district court may relieve a party "from a final judgment, order, or proceeding" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "Generally, only 'extraordinary circumstances' justify relief under this rule."  *Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991) (quoting *United States v. Sparks*, 685 F.2d 1128, 1129 (9th Cir. 1982).

As a threshold matter, this Court has jurisdiction where, as here, "a party seeks relief from dismissal under Federal Rule of Civil Procedure Rule 60(b)(6) on the basis of 'extraordinary circumstance[s].'"  *Thompson*, 2025 WL 720893, at *1.

Turning to the merits, Plaintiff has not identified any basis for relief under this rule.  Plaintiff first asserts that he is "entitled to greater relief" and "demands if there is not a better offer by defendants" that this case "proceed to trial."  (Mot. Withdraw at 2.)  However, "Rule 60(b)(1) is not intended to provide relief from an otherwise enforceable settlement agreement or 'to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret.'"  *Lee v. City of Sacramento*, No. 20-17003, 2021 WL 4948932, at *2 (9th Cir. Oct. 25, 2021) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006)).  In other words, the fact that Plaintiff now desires a greater offer cannot serve as a basis for relief under this Rule.

---

[1] Given the Court's obligation to liberally construe the filings of pro se litigants, the Court will also consider ECF No. 84 in deciding this Motion.  *See Thompson*, 2025 WL 720893, at *1.

The only other basis for relief Plaintiff identifies is that Defendant had not yet paid Plaintiff the settlement amount. (Mot. Enforce at 1.) "Repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order." *Keeling*, 937 F.2d at 410. The terms of the Settlement Agreement require the California Department of Corrections ("CDCR") to "make a good-faith effort to pay the settlement amount" within "180 days from the date Plaintiff delivers to Defendants a signed settlement agreement." (Settlement Agreement at 2.) According to Defendant, Plaintiff delivered the signed documents to Defendant on April 1, 2025, setting the deadline for payment as September 28, 2025, three months after Plaintiff filed this Motion. (ECF 85 at 2.) Plaintiff notified this Court on November 7, 2025, that he still had not been paid. (*See* ECF No. 88 at 1.) Filings in the other case settled by this agreement indicate CDCR has now paid Plaintiff. *See* Order Directing Pl. to File Reply or Advise if Mot. is Moot at 1–2, *DePonte v. Stohl*, No. 1:24-cv-00695-KES-HBK, 2025 WL 3292409, at *1 (E.D. Cal. Nov. 26, 2025). Therefore, this Court has no reason to doubt that payment has now been made and that Defendant acted in good faith as required by the Settlement Agreement. (*See* Settlement Agreement at 2.) Accordingly, the Court does not find that the delay in payment of the settlement amount qualifies as an extraordinary circumstance warranting relief under Rule 60(b). *See Lipsey v. Davey*, No. 1:17-cv-01706-DAD-SAB, 2020 WL 4430579, at *5 (E.D. Cal. July 31, 2020) (holding delayed payment of settlement amount did not qualify as an extraordinary circumstance "that would justify the reopening of a settled case due to any purported repudiation"). Plaintiff identifies no other grounds for relief under Rule 60(b) and, therefore, is not entitled to reopen the case.

### REQUESTS TO REMOVE INFORMATION FROM DOCKET

Plaintiff has also requested this Court remove the settlement amount from public filings. (*See* Req. Remove Documentation (ECF No. 87), (Req. Remove Settlement Amount (ECF No. 88).) Though Plaintiff's request only references filings in

the *Stohl* case (*see* Req. Remove Settlement Amount at 1), filings in this case also list the settlement amount.  (*See, e.g.*, Opp'n to Mot. Withdraw at 2.)  Liberally construed, Plaintiff seeks to seal any documents that reference the settlement amount.

For the court to permit a document to be filed under seal, a party must articulate "compelling reasons supported by specific factual findings" that "outweigh the general history of access and the public policies favoring disclosure."  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).  Plaintiff asserts that the Settlement Agreement was "confidential and not to be released."  (Req. Remove Settlement Amount at 1.)  However, Plaintiff has not identified any reason his private interest in confidentiality should outweigh the public benefits of access to this information.  Therefore, the Court finds Plaintiff has not shown a compelling interest in sealing the filings that reference the settlement amount.

## CONCLUSION

Accordingly, Plaintiff's Motion to Withdraw and Resettle or Proceed to Trial (ECF No. 82), Motion to Enforce the Settlement Agreement (ECF No. 84), Request to Remove False Documentation (ECF No. 87), and Request to Remove the Settlement Amount (ECF No. 88) are DENIED.

IT IS SO ORDERED.

Dated:   **January 29, 2026**

_____
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – DePonte24cv01262.mtw

5